UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ROBYN ENDERSON,
on behalf of herself and
all others similarly situated,

Plaintiff,

v.

STERLING FARM & FLEET, INC.
3913 East Lincolnway
Sterling, Illinois 61081

and

BLAIN SUPPLY, INC.
3507 East Racine Street
Janesville, Wisconsin 53546

Defendants.

Case No. 24-cv-1520

**COLLECTIVE AND CLASS ACTION COMPLAINT PURSUANT TO 29 U.S.C. §216(b) AND FED. R. CIV. P. 23**

**JURY TRIAL DEMANDED**

## COMPLAINT

## PRELIMINARY STATEMENT

1. This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.* ("IMWL"), and Fed. R. Civ. P. 23, by Plaintiff Robyn Enderson on behalf of herself and all other similarly situated current and former hourly-paid employees of Defendants Sterling Farm & Fleet, Inc. and Blain Supply, Inc., for purposes of obtaining relief under the FLSA and IMWL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant operated an unlawful compensation system that deprived and failed to properly compensate Plaintiff and all other current and former hourly-paid employees for all overtime hours worked each workweek by failing to include all forms of nondiscretionary compensation, such as sales incentives and shift differentials, in said employees' regular rates of pay for overtime calculation and compensation purposes, in violation of the FLSA and IMWL.

3. Defendant's failure to compensate its hourly paid employees for all overtime compensation owed was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the IMWL.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's IMWL claim because it is so related to her FLSA claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants have substantial and systematic contacts in this District.

## PARTIES

7. Plaintiff Robyn Enderson is an adult female resident of the State of Illinois residing at 1487 S. Garnhart Road, Chana, Illinois 61015.

8. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) was contemporaneously filed with the Complaint, ECF No. 1.

9. Defendant Sterling Farm & Fleet, Inc ("Defendant Sterling"). is an Illinois corporation with a principal office address of 3913 East Lincolnway, Sterling, Illinois 61081.

10. Defendant Blain Supply, Inc. ("Defendant Blain Supply") is a domestic corporation with a principal office address of 3507 East Racine Street, Janesville, Wisconsin 53546.

11. Defendant Blain Supply owns, operates, and manages approximately forty-five (45) "Blain's Farm & Fleet" locations in the states of Wisconsin, Illinois, Michigan, and Iowa.

12. Defendant Blain Supply owns, operates, and manages approximately nineteen (19) locations in the State of Illinois, including Defendant Sterling.

13. For purposes of the FLSA, Defendants were "employers" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

14. For purposes of the IMWL, Defendants were "employers" of Plaintiff, and Plaintiff was "employed" by Defendants, as those terms, or variations thereof, are used in 820 ILCS 105/3(c) and (d).

15. During the relevant time periods as stated herein, Defendants were engaged in "commerce" and/or their employees were engaged in "commerce," as that term is defined under the FLSA.

16. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff worked as an hourly-paid Sales Associate at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge alongside other hourly-paid employees at Defendant Sterling.

17. Plaintiff brings this action on behalf of herself and all other similarly situated current and former hourly-paid employees who work at, worked at, and/or were employed by Defendants. Plaintiff performed similar job duties as other current and former hourly-paid

employees in similarly titled positions who work at, worked at, and/or were employed by Defendants at locations owned, operated, and managed by Defendants, and Plaintiff and all other current and former hourly-paid employees were subject to Defendants' same unlawful compensation policies and practices as enumerated herein.

18. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants employed more than two (2) employees.

19. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants' annual dollar volume of sales or business exceeded $500,000.

20. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants hired, terminated, promoted, demoted, and/or suspended Plaintiff and all other hourly-paid employees.

21. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants supervised Plaintiff's and all other hourly-paid employees' day-to-day activities.

22. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants reviewed Plaintiff's work performance and the work performance of all other hourly-paid employees.

23. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants established Plaintiff's and all other hourly-paid employees' work schedules and provided Plaintiff and all other hourly-paid employees with work assignments and hours of work.

24. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Plaintiff and all other hourly-paid employees similarly utilized Defendants' employment policies, practices, and/or procedures in the performance of their job duties.

25. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid employees' employment-related questions, benefits-related questions, and workplace issues.

26. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants established the terms and conditions of Plaintiff's and all other hourly-paid employees' employment.

27. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants were responsible for compensating Plaintiff and all other hourly-paid employees for hours worked and/or work performed.

## GENERAL ALLEGATIONS

28. During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

29. During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee for purposes of the FLSA and IMWL.

30. On a daily basis during Plaintiff's employment with Defendants, Plaintiff worked alongside other hourly-paid employees at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge at Defendant Sterling.

31. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Plaintiff and all other hourly-paid employees were employed by Defendants in hourly-paid job positions and performed compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction at locations that were owned, operated, and managed by Defendant Blain Supply.

32. During the three (3) year period immediately preceding the filing of the Complaint, ECF No. 1, through the present, Plaintiff and all other hourly-paid employees regularly worked in excess of forty (40) hours per workweek.

33. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants knew or had knowledge that Plaintiff and all other hourly-paid employees worked in excess of forty (40) hours per workweek.

34. During the three (3) year period immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants compensated Plaintiff and all other hourly-paid employees on a weekly basis.

35. During the three (3) year period immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants' workweek for FLSA and WWPCL purposes was Sunday through Saturday.

36. During the three (3) year period immediately preceding the filing of the Complaint, ECF No. 1, through the present, Plaintiff and all other hourly-paid employees were non-union employees of Defendants.

37. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Plaintiff and all current and former hourly-paid employees at all locations owed, operated, and managed by Defendant Blain Supply were eligible for and

compensated with incentives and differentials based on their hours worked or work performed during their employment with Defendants.

38. During the three (3) year period immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants failed to include all forms of nondiscretionary compensation, such as sales incentives and shift differentials, in Plaintiff's and all other current and former hourly-paid employees' regular rates of pay for overtime calculation and compensation purposes in violation of the FLSA and IMWL.

39. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants maintained employment records and other documentation regarding Plaintiff and all other hourly-paid employees.

40. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid employees.

41. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants maintained a centralized system for compensating Plaintiff and all other hourly-paid employees for all remuneration earned, including but not limited to, incentives and shift differentials.

42. For example, during the pay period beginning June 2, 2024, and ending June 8, 2024, Plaintiff worked 40.62 hours. Of this, 31.37 hours were paid at her straight time rate of $15.86 per hour, and 8.63 hours were weekend hours during which she earned an additional $2.50 weekend shift differential and, thus, was paid at $18.36 per hour. During this pay period, Defendants further compensated Plaintiff with a $65.00 Sales Incentive. Despite Plaintiff's receipt of such nondiscretionary compensation, Defendants compensated Plaintiff's 0.62 overtime hours

at the rate of $23.79, or one and one-half times her straight time rate of $15.86, demonstrably not including such nondiscretionary compensation in her regular rate of pay for overtime calculation and compensation purposes.

43. During the three (3) year period immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants' policies in practice failed to compensate Plaintiff and all other hourly-paid employees at the correct and lawful overtime rates of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

44. Defendants were or should have been aware that their compensation policies in practice failed to compensate Plaintiff and all other hourly-paid employees in the same or similar fashion for all overtime hours worked and/or work performed each workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

45. Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All current and former hourly-paid employees of Defendants who, at any time during the three-year period prior to the date notice is authorized by the Court, worked at a Blain's Farm & Fleet location and received additional forms of compensation, such as sales incentives and shift differentials.

46. Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

47. Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

48. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, Defendants compensated Plaintiff and the FLSA Collective with, in addition to an hourly or regular rate(s) of pay, other forms of nondiscretionary compensation, such as sales incentives and shift differentials.

49. During the three (3) years immediately preceding the filing of the Complaint, ECF No. 1, through the present, the additional monetary compensation that Defendants provided to Plaintiff and the FLSA Collective was nondiscretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and were announced and known to Plaintiff and the FLSA Collective to encourage and/or reward their steady, productive, reliable, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

50. The First Claim for Relief is brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

51. The FLSA Collective claim may be pursued by those who affirmatively opt into this case, pursuant to 29 U.S.C. § 216(b).

52. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to properly compensate them for all overtime hours worked and work performed. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

53. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to properly and lawfully compensate

employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

54. Defendants were or should have been aware that their unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of all overtime wages due and owing to them, in violation of the FLSA.

55. The FLSA Collective is readily ascertainable. For the purpose of notice and other purposes related to this action, their names, phone numbers, email addresses, and mailing addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail and email to the last mailing addresses and email addresses known by Defendants and through posting at Defendants' facilities in areas where postings are normally made.

56. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## RULE 23 CLASS ALLEGATIONS – ILLINOIS

57. Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to the IMWL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> All current and former hourly-paid employees of Defendants who, at any time during the three-year period prior to the date notice is authorized by the Court, worked at a Blain's Farm & Fleet location in the State of Illinois and received additional forms of compensation, such as sales incentives and shift differentials.

58. The members of the Illinois Class are readily ascertainable. The number and identity of the members of the Illinois Class are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each member of the Illinois Class are also

determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names, mailing addresses, and email addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

59. The proposed Illinois Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are well over five hundred (500) members of the Illinois Class.

60. Plaintiff's claims are typical of those claims which could be alleged by any members of the Illinois Class, and the relief sought is typical of the relief which would be sought by each member of the Illinois Class in separate actions. All of the members of the Illinois Class were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all members of the Illinois Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Illinois Class. Plaintiff and other members of the Illinois Class sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

61. Plaintiff is able to fairly and adequately protect the interests of the Illinois Class and has no interests antagonistic to the Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

62. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Illinois Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Class to redress the wrongs done to them.

63. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Illinois Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

64. Defendants have violated the IMWL regarding payment of overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint with a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

65. There are questions of fact and law common to the Illinois Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Illinois Class arising from Defendants' actions include, without limitation, the following: (1) Whether any of the additional compensation Defendants provided to Plaintiff and the Illinois Class was nondiscretionary in nature; (2) Whether Plaintiff and the Illinois Class worked in excess of forty (40) hours in a workweek to which nondiscretionary compensation applied and/or was earned; (3) Where Defendants failed to include all forms of nondiscretionary compensation in Plaintiff's and the Illinois Class's regular rates of pay for overtime calculation and compensation purposes; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

66. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages**
**(Plaintiff on behalf of herself and the FLSA Collective)**

67. Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

68. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

69. At all times material herein, Defendants were employers of Plaintiff and the FLSA Collective as provided under the FLSA.

70. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

71. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

72. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective with overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of nondiscretionary compensation in their regular rates of pay for overtime calculation and compensation purposes.

73. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

74. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or their employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

75. Defendants' failures to properly compensate Plaintiff and the FLSA Collective and to include all forms of nondiscretionary compensation in their regular rates of pay for overtime calculation and compensation purposes was willfully perpetrated. Defendants also have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

76. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

77. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date they consent to join the litigation, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

78. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violation of the IMWL – Unpaid Overtime Wages**
**(Plaintiff, on behalf of herself and the Illinois Class)**

79. Plaintiff, on behalf of herself and the Illinois Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

80. At all relevant times, Plaintiff and the Illinois Class were employees of Defendants within the meaning of 820 ILCS 150/3d.

81. At all relevant times, Defendants were employers of Plaintiff and the Illinois Class within the meaning of 820 ILCS 150/3(c).

82. At all relevant times, Defendants employed, and continues to employ, Plaintiff and the Illinois Class within the meaning of 820 ILCS 105/1, *et seq*.

83. Throughout the Illinois Class Period, Plaintiff and the Illinois Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving proper compensation for these activities.

84. At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Illinois Class at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek by failing to include all forms of nondiscretionary compensation in their regular rates of pay for overtime calculation and compensation purposes, in violation of the IMWL.

85. Defendants willfully failed to pay Plaintiff and the Illinois Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the IMWL.

86. As set forth above, Plaintiff and the Illinois Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Illinois Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Illinois laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Pursuant to 820 ILCS 105/12, Plaintiff and the Illinois Class may be entitled to treble the amount of underpayment of compensation and/or damages of five percent (5%) of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

87. Plaintiff and the Illinois Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the IMWL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all potentially similarly situated current and former hourly-paid employees who worked at and/or were employed by Defendants at a Blain's Farm & Fleet during the statutory period, informing them of this action and their rights to participate in this action. Such Notice shall inform all potentially similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the potentially similarly situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC and Workplace Law Partners P.C. as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Illinois law and applicable regulations and as willful as defined in the FLSA and Illinois law;

e) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly situated hourly-paid employees damages in the form of reimbursement for unpaid overtime wages for which they were not paid pursuant to the rate provided by the FLSA and IMWL;

f) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly situated hourly-paid employees liquidated damages pursuant to the FLSA and IMWL;

g) Issue an Order directing Defendants to reimburse Plaintiff and all other similarly situated hourly-paid employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and all other similarly situated hourly-paid employees with other relief that the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 25th day of November, 2024.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *James A. Walcheske*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
Email: jwalcheske@walcheskeluzi.com
Email: sluzi@walcheskeluzi.com

WORKPLACE LAW PARTNERS P.C.
Counsel for Plaintiff

s/ *John Kunze*
John Kunze, SBN 6322643 (IL)

WORKPLACE LAW PARTNERS P.C.
155 N. Michigan Avenue, Suite 719
Chicago, Illinois 60601
Telephone: (630) 355-7590
Fax: (630) 778-0400
Email: kunze@fishlawfirm.com