UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ROBYN ENDERSON,
on behalf of herself and
all others similarly situated,

Plaintiff, Case No. 24-cv-1520

v.

STERLING FARM & FLEET, INC., et al.,

Defendants.

---

**JOINT MOTION FOR PRELIMINARY APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT**

---

## INTRODUCTION

Named Plaintiff, Robyn Enderson, on behalf of herself and all others similarly situated, and Defendants, Sterling Farm & Fleet, Inc. and Blain Supply, Inc., jointly move this Court for preliminary approval of the parties' settlement of this lawsuit in accordance with their Settlement Agreement.

The parties' Settlement Agreement, attached to this Motion as **Exhibit 1**, provides for a Gross Settlement Amount of $71,939.50, inclusive of all payments to Settlement Class Members (all participating members of the Collective Class and Rule 23 Class as defined herein), Plaintiff's Court-approved Service Award, and Plaintiff's counsel's Court-approved attorneys' fees and costs. As reflected in the Settlement Agreement, the parties believe that the settlement is fair and reasonable, as it fully and adequately satisfies this Court's criteria for such settlements. As such, the parties respectfully request that the Court enter an order that:

(1) Preliminarily approves the Settlement Agreement attached as **Exhibit 1** to this Motion as fair, reasonable, and adequate;

(2) Certifies, for settlement purposes only, the proposed Collective Class pursuant to the Fair Labor Standards Act of 1938, as amended;

(3) Certifies, for settlement purposes only, the proposed Rule 23 Class pursuant to Fed. R. Civ. P. 23;

(4) Designates Named Plaintiff, Robyn Enderson, as Class Representative;

(5) Appoints Walcheske & Luzi, LLC and Workplace Law Partners, P.C. as Class Counsel;

(6) Approves the parties' Notice of Class and Collective Action Settlement attached to the parties' Settlement Agreement as Exhibit B ("Notice"), and finds that it constitutes the best notice practicable under the circumstances, including providing individual notice to all putative Settlement Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

(7) Directs that any putative Settlement Class Member who wishes to opt-into the Collective Class must do so within forty-five (45) days following service of the Notice and per the instructions set forth in the Notice;

(8) Directs that any putative Settlement Class Member who wishes to object to or request exclusion from the Settlement Agreement must do within forty-five (45) days following service of the Notice and per the instructions set forth in the Notice, and that the Court will not consider objections or requests for exclusion of any Settlement Class Member who does not timely comply with the instructions set forth in the Notice;

(9) Directs that all Rule 23 Class Members who have not timely and properly requested exclusion from the Rule 23 Class shall be bound by the Settlement Agreement in the event the Court issues a Final Order Approving Settlement;

(10) Schedules a Final Fairness Hearing no sooner than one hundred twenty (120) days after entry of its Preliminary Approval Order to determine whether: the Settlement Agreement should ultimately be approved as fair, reasonable, and adequate; to award the parties' agreed upon Service Award to Plaintiff; to determine the appropriateness of Plaintiff's counsel's requested award of attorneys' fees and costs; and to enter the proposed final order approving the Settlement Agreement and the parties' overall settlement of this litigation; and

(11) Directs that any motions, including but not limited to a Motion for Approval of Attorneys' Fees and Costs, a Motion for Approval of Named Plaintiff's Service Award, and a Joint Motion for Final Settlement Approval, shall be filed with the Court no later than ten (10) days prior to the Final Fairness Hearing.

## STATEMENT OF FACTS

### I. PROCEDURAL AND SETTLEMENT HISTORY

On November 25, 2024, Plaintiff, Robyn Enderson, filed her Complaint against Defendants, Sterling Farm & Fleet, Inc. and Blain Supply, Inc., and on behalf of herself and all others similarly situated. (ECF No. 1.) During the three (3) year period preceding the filing of her Complaint, Plaintiff was an hourly-paid employee of Defendants who held the position of Sales Associate at Defendants' Sterling, Illinois location. (ECF No. 1, ¶ 16.)

Plaintiff's Complaint asserted two (2) causes of action: one pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), and one pursuant to the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.* ("IMWL"). (ECF No. 1, ¶¶ 67-87.) Plaintiff's Complaint alleged,

on behalf of herself and all other similarly situated hourly employees, that Defendants violated the FLSA and IMWL by failing to include all forms of non-discretionary compensation in employees' regular rates of pay for overtime calculation and compensation purposes. (*See id.* at ¶¶ 67-87.)

Since approximately May 2025, the parties began the process of exchanging formal and informal written discovery, including payroll data relating to class/collective members. (Walcheske Decl., ¶ 3; *see also* ECF No. 17.) Thereafter, Plaintiff's counsel analyzed the data Defendants produced and created damages models based on the same. (Walcheske Decl., ¶ 3; *see also* ECF No. 19.) Over the months of October through December 2025, the parties then engaged in arms-length negotiations while continuing to share information underlying their respective positions (Walcheske Decl., ¶¶ 3.)

On January 5, 2026, and as a result of their efforts, the parties reached an agreement in principle as to the gross amount of the parties' settlement. (*Id.* at ¶ 4; *see also* ECF No. 21.) Since that time, the parties have worked diligently and collaboratively to agree upon all other, non-monetary aspects of their agreement, determine notice and settlement check administration, reduce their settlement to writing, and draft the immediate pleadings for filing with the Court. (Walcheske Decl., ¶ 4.)

While the parties ultimately reached an amicable resolution to the litigation, no party has ever conceded their respective positions. (Walcheske Decl., ¶ 5; *see also* Ex. 1, p. 1.) Named Plaintiff has consistently maintained the merits of her claims and Defendants have steadfastly refuted the same while also maintaining the merits of their defenses to liability as well as damages. (Walcheske Decl., ¶ 5.) Accordingly, this case presented a *bona fide* dispute between the parties.

However, in order to avoid expense and inconvenience to the parties, as well as the distraction of burdensome and protracted litigation, and the risks of an adverse judgment against

either party, the parties ultimately concluded it was in their mutual best interests to resolve the litigation amicably. (*See* Ex. 1, ¶ 8.1.) As a result, the parties now jointly request that this Court approve their Settlement Agreement to end the litigation.

The purpose of the Settlement Agreement is to settle fully and finally the FLSA and applicable state law claims contained in the Complaint, and any and all other claims that are or could have been asserted under the FLSA or state and local wage and hour laws, including the IMWL, in this lawsuit on behalf of the Rule 23 Class. In other words, if the Settlement Agreement is approved, everyone who participates in the settlement ("Settlement Class Members") will release any and all wage and hour claims they might have against the Releasees (as defined in the Settlement Agreement) under the FLSA, IMWL, and any other applicable state wage and hour laws, depending on their level of participation in the litigation.

## II. THE SETTLEMENT AGREEMENT

The parties' Settlement Agreement is attached as **Exhibit 1**, and its terms are summarized below.

### A. The FLSA Collective Class

For settlement purposes only, the parties have agreed to certify the following Collective Class:

> All individuals who worked as non-exempt hourly employees for Defendants, who worked in excess of forty (40) hours in a given workweek in which they also received either (i) a sales incentive bonus, or (ii) weekend premium pay, from January 1, 2022 to December 31, 2025, and who timely returned a Consent to Join the Lawsuit.

(Ex. 1, ¶¶ 1.2, 2.2.)

### B. The Rule 23 Class

For settlement purposes only, the parties have agreed to certify the following Rule 23 Class:

> All individuals who worked as non-exempt hourly employees for Defendants, who worked in excess of forty (40) hours in a given workweek in which they also received either (i) a sales incentive bonus, or (ii) weekend premium pay, from January 1, 2022 to December 31, 2025, and who do not file an exclusion from the class or otherwise "opt-out" from the Lawsuit.

(*Id.* at ¶¶ 1.24, 2.2.)

### C. Summary of the Settlement Agreement's Terms

The general terms of the Settlement Agreement can be summarized as follows:

- The Gross Settlement Amount is $71,939.50, which is the amount Defendants have agreed to pay to fully resolve and settle the claims asserted in the Complaint, (*id.* at ¶¶ 1.13, 3.1(A));

- For settlement purposes only, the parties agree to stipulate to certify the Collective Class and Rule 23 Class, (*id.* at ¶ 2.2), and said stipulation has been filed with the Court, (ECF No. 24);

- The Settlement Agreement calls for a Service Award to Named Plaintiff in the amount of $2,500.00, subject to Court approval, (Ex. 1, ¶¶ 1.25, 1.26, 3.3(A)), for Named Plaintiff's service to the Settlement Class and also to act as consideration for her release of claims;

- The Settlement Agreement also contemplates payment of Plaintiff's counsel's attorneys' fees and litigation-related costs in the total amount of $35,320.00, (*id.* at ¶¶ 1.9, 3.2(A)), subject to Court approval, (*id.* at ¶ 3.2);

- The Settlement Fund created for payments to Settlement Class Members is at least $34,119.50, (*see id.* at ¶¶ 1.32, 3.1(B)), from which each Settlement Class Member shall receive their proportionate share of the Fund, (*see id.* at ¶ 3.4(C), Ex. C.);

- Within ten (10) days of the Court's entry of the Preliminary Approval Order, Defendants' counsel will provide the Settlement Administrator with a list, in electronic form, of the names, last known addresses, and social security numbers for each putative Settlement Class Member (the "Class List"), (*id.* at ¶ 2.5);

- Within twenty-one (21) days of the Court's entry of the Preliminary Approval Order, the Settlement Administrator will send the Court-approved Settlement Notice to all putative Settlement Class Members via U.S. first-class mail, (*id.* at ¶ 2.7);

- In the event a Settlement Notice is returned as undeliverable, the Settlement Administrator will take appropriate steps to identify and remail the Notice to an alternative address, (*id.* at ¶¶ 2.3, 2.18);

- Putative Settlement Class Members have forty-five (45) days after the date the Notice is mailed or remailed to opt-into the Collective Class, object to the Settlement Agreement, or to request exclusion from the Rule 23 Class (the "Notice Period"), (*see id.* at ¶¶ 1.17-1.19, 2.9-2.11, Ex. B);

- In light of the recent change with respect to when the United States Postal Service applies postmarks to mailings, Consent to Join forms, requests for exclusion, and objections returned by mail will be subject to a four-day Grace Period that extends the date by which such mailing can be postmarked by four (4) days in order to be considered timely, (*see id.* at ¶¶ 1.12, 2.9-2.11);

- The parties request a Final Fairness Hearing with the Court no earlier than one hundred twenty (120) days after the entry of a Preliminary Approval Order for the determination of whether: the Settlement Agreement should be approved as fair, reasonable, and adequate; to award the parties' agreed upon Service Award to Plaintiff; to determine the appropriateness of Plaintiff's

counsel's requested award of attorneys' fees and costs; and to enter the proposed final order approving the Settlement Agreement and the parties' overall settlement of this litigation, (*see id.* ¶¶ 2.10-2.12*,* Ex. A);

- Within ten (10) days of the settlement's Effective Date, (*id.* at ¶ 1.7), the parties will recalculate the amounts payable to all Settlement Class Members from the Settlement Fund (reallocating all funds initially allocated that were not claimed because of individuals not opting into the Collective Class and/or excluding themselves from the settlement), (*id.* at ¶ 2.13);

- Within twenty (20) days of the Effective Date, Defendants will deposit all necessary funds into a Qualified Settlement Fund ("QSF") for distribution of Settlement Checks for all participating Settlement Class Members and payment to the Named Plaintiff for her Court-approved Service Award and to Settlement Class Counsel for their Court-approved attorneys' fees and costs, (*id.* at ¶ 2.14);

- Within ten (10) days of the QSF's funding, the Settlement Administrator will mail all Settlement Checks to Settlement Class Members via first class U.S. mail, (*id.* at ¶ 2.15);

- In the event a Settlement Check is returned as undeliverable, the Settlement Administrator will take appropriate steps to identify and remail the Settlement Check to an alternative address, (*id.* at ¶¶ 2.3, 2.18); and

- Settlement Checks issued pursuant to the Settlement Agreement to participating Settlement Class Members will expire after the Acceptance Period, which is ninety (90) days after the check is mailed, remailed, or reissued. (*Id.* at ¶¶ 1.1, 2.16.)

The parties believe the agreed-upon terms of the Settlement Agreement are fair and reasonable and were reached at arm's length after considerable negotiations and in recognition of the risks, uncertainty, expenses, and costs faced by the parties if they continued the litigation. The

Gross Settlement Amount and, more specifically, the Settlement Fund payable to Settlement Class Members were structured to provide Settlement Class Members with amounts reasonably approximating what they would expected to recover through this litigation based on all relevant data and information, (*See* Walcheske Decl., ¶¶ 7-9), and the payment structure created through the Settlement Agreement requires no further action for Rule 23 Class Members to participate in and benefit from the parties' settlement. The parties' proposed Settlement Notice attached as Exhibit B to the parties' Settlement Agreement, adequately informs putative Settlement Class Members of the parties' dispute, their rights and obligations, and the legal implications of their actions in relation to the Settlement Agreement. (Ex. 1, Ex. B.) Because the parties' settlement is fair and reasonable and was reached at arm's length after considerable negotiations, the parties request that the Court grant preliminary approval of the Settlement Agreement and authorize the sending of Notice in a form substantially like that attached to the Settlement Agreement as Exhibit B.

## ARGUMENT

### I. PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT IS APPROPRIATE

#### A. The Criteria for Preliminary Approval Has Been Satisfied.

Resolution of class action litigation by settlement is favored by the federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Settlement of a Fed. R. Civ. P. 23(b)(3) class action may be approved if: (1) the individual class members are afforded an opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e).

In reviewing a proposed settlement agreement, courts "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the

compromise, taken as a whole, is in the best interests" of the class members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). Other factors courts are to consider are the complexity, expense, and likely duration of the litigation; reaction of the class to the settlement; the stage of the proceedings and the amount of discovery completed; the risks of establishing liability; the risks of establishing damages; the ability of Defendants to withstand greater judgment; and the range of reasonableness of the settlement funds to a possible recovery considering all the attendant risks of litigation. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

Preliminary approval of a class action settlement allows putative class members to receive notice of the proposed settlement terms and the date and time for the fairness hearing at which putative class members may be heard and further evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement agreement may be presented. *See* Manual for Complex Litigation at §§ 13.14, 21.632.

### 1. <u>The Settlement Agreement is fair, reasonable, and adequate.</u>

The Settlement Agreement's terms as summarized above are fair and reasonable. Real disputes exist between the parties as to whether liability exists in this case and, if liability were proven, the extent of that liability, as well as damages. (*See* Ex. 1, ¶ 8.1.) Specifically, the parties disagree on Named Plaintiff's ability to prove liability concerning Defendants' payment of nondiscretionary compensation, including but not limited to whether and which forms of additional compensation qualify as "nondiscretionary" such that they should have been included or factored-into hourly employee's regular rates of pay for overtime calculation and compensation purposes, and whether the method Defendants used to calculate overtime properly took into account the alleged non-discretionary compensation. (Walcheske Decl., ¶ 6.) Then, even if liability were

proven, disputes exist regarding the extent of damages, if any, Named Plaintiff's ability to prove willfulness pursuant to either the FLSA or applicable state law, her ability to defend against Defendants' affirmative defenses, and her ability to establish the amount/extent of any award of liquidated damages and/or civil penalties due, if any. (*Id.* at ¶ 6.) Against this backdrop, the reasonableness of the amounts recoverable by Rule 23 Class Members and Settlement Class Members is clear.

The monetary value of the Settlement Fund created through the parties' Settlement Agreement ($34,119.50) was based on calculated amounts Settlement Class Members could reasonably be expected to recover in the event Named Plaintiff and the Settlement Class was successful on the merits of their claims. (*Id*. at ¶¶ 7-9.) Specifically, Plaintiff's counsel calculated that if the putative Settlement Class was completely successful on their nondiscretionary compensation claims, and assuming that all forms of additional compensation were nondiscretionary in nature, they could recover approximately $34,119.50. (*Id.* at ¶ 7.) As such, the Settlement Fund of $34,119.50 represents a recovery approximately equal to all potentially recoverable damages as calculated by Plaintiff's counsel. (*Id*.)

Furthermore, as a result of the *pro rata* division of the Settlement Fund and assuming a typical return rate of roughly ten percent (10%), Collective Class Members will receive a total recovery of $48.79, which is greater than the total damages (including liquidated damages) for roughly 95% of employees. (*Id.* at ¶ 9.) Rule 23 Class Members who do not exclude themselves will receive a minimum of $7.50, which is roughly the median damages calculated to be "owed" to individuals who actually incurred any alleged damages. (*Id.* at ¶ 8.) In addition, and as a result of the *pro rata* division of the Settlement Fund and the structure of the parties' settlement, amounts allocated to the putative Settlement Class that are not claimed as a result of individuals not

affirmatively opting into the Collective Class and Rule 23 Class Members requesting exclusion, will be reallocated across participating Rule 23 Class Members. (*See* Ex. 1, ¶¶ 2.13, 3.4(C); *see also* Walcheske Decl., ¶ 11.)

Given that the estimated recoveries of Rule 23 Class Members compare favorably to their estimated recoverable amounts if they were successful on their claims in litigation against Defendants, (*see* Walcheske Decl., ¶¶ 7-9), the parties believe that such amounts constitute a reasonable and adequate recovery.

**2. <u>The parties' Settlement Agreement was reached through arm's-length negotiations.</u>**

Despite the parties' divergent views regarding Named Plaintiff's claims and the potential damages available to her and the putative Settlement Class, they expended considerable time and effort to work toward a compromise in this matter and negotiated at arm's length to resolve the claims of Named Plaintiff and all putative members of the Settlement Class. Indeed, as detailed herein, even after the parties reached an agreement in principle, they devoted considerable time to finalizing and memorializing all aspects of their agreement as embodied in the Settlement Agreement.

**3. <u>The Settlement Fund provides adequate relief for the Rule 23 Class.</u>**

As explained herein, the Settlement Fund created through the parties' Settlement Agreement is structured such that every member of the Rule 23 Class stands to automatically recover monies through the settlement, with the amounts allocated to them being representative of (if not greater than) the amounts they were calculated to reasonably recover should they be successful on their legal claims. Thus, the amounts payable to the Rule 23 Class represent a reasonable and fair recovery, particularly considering the risks present in this litigation as identified *supra.*

### 4. **Named Plaintiff's agreed-upon Service Award is reasonable.**

The Seventh Circuit recognizes that service awards are appropriate in circumstances such as those presented by this case and looks to the following relevant factors: actions the plaintiff took to protect the class's interests; the degree to which the class benefited from those actions; and the amount of time and effort the plaintiff expended in pursuing litigation. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

The Settlement Agreement provides that Named Plaintiff will receive a Service Award in the amount of $2,500.00, subject to Court approval. (Ex. 1, ¶ 3.3(A).) This Award, which Defendants agree is reasonable and to which they do not object, (*id.*), is in recognition of Named Plaintiff's service to the Settlement Class. (*Id.*)

The Service Award is fair and reasonable given the efforts undergone and risks assumed by Named Plaintiff in initiating and prosecuting this litigation and her efforts in securing a recovery on behalf of herself and all putative Settlement Class Members. Further, it is demonstrably within the range of service awards approved by Wisconsin District Courts, relative to the amount recovered.[1]

Moreover, this Service Award was agreed to separately from the Settlement Fund created for Settlement Class Members and, as a result, the parties' settlement and the amounts recoverable by Rule 23 Class Members therethrough are not conditioned on or affected by the Court's approval of the award. (Ex. 1, ¶ 3.3(B).)

For these reasons, the Service Award is fair and reasonable under the circumstances and should be approved by the Court.

---

[1] *See, e.g.*, *Brooks v. Gateway Plastics, Inc.*, Case No. 20-cv-1318-JPS, ECF No. 20 (E.D. Wis. Dec. 30, 2022) ($5,000 Service Award and Fund of $18,256.31); *Hoaglan v. Grede Holdings LLC*, Case No. 20-cv-425-PP, ECF No. 35 (E.D. Wis. July 12, 2022) ($6,000 Service Award and Fund of $22,807.33); *Weninger v. General Mills Operations, LLC*, Case No. 18-cv-321-JPS, ECF No. 93 (E.D. Wis. Apr. 18, 2019) ($5,000 Service Award and Fund of $14,410).

### 5. <u>Plaintiff's counsel's attorneys' fees and costs are reasonable.</u>

As part of the Settlement Agreement, the parties have agreed that Plaintiff's counsel will bring a motion before this Court for approval of an award of attorneys' fees and costs in a total amount of $35,320.00. (*Id.* at ¶ 3.2(A).)

Because Plaintiff's counsel's fees and costs were negotiated and agreed to separately from the Settlement Fund, awarding reimbursement of the same will not affect the potential recovery to participating Settlement Class Members. (*Id.* at ¶ 3.2(B).) Further, because this matter does not involve the payment of attorneys' fees and costs as a percentage of a common settlement fund, this Court does not need to apply common fund principles to approve reimbursement of Plaintiff's counsel's attorneys' fees and costs. *See, e.g., Florin v. Nations St. Paul of Georgia, N.A.*, 34 F.3d 560, 564 (7th Cir. 1994) (stating that, "when a case results in the creation of a common fund for the benefit of the plaintiff class, the common fund doctrine allows plaintiffs' attorneys to petition the court to recover its fees out of the fund"); *see also Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, (7th Cir. 2013); *In re Synthroid Mktg. Litig.,* 264 F.3d 712 (7th Cir. 2001) (*"Synthroid I"*); *In re Synthroid Mktg Litig.*, 325 F.3d 974 (7th Cir. 2003) (*"Synthroid II"*).

## II. THE RULE 23 CLASS SHOULD BE CERTIFIED BECAUSE IT SATISFIES THE REQUIREMENTS OF FED. R. CIV. P. 23

### A. The Rule 23 Class Satisfies the Implicit Standard of Definiteness Required by Courts.

In addition to the standards stated in Fed. R. Civ. P. 23(a) and 23(b), federal courts require that the implicit standards for certification be met: (1) the proposed class definition must be definite – that is, ascertainable, precise, and objective[2]; and (2) Named Plaintiff must be a member of the class she represents.

---

[2] *Blihovde v., St. Croix*, 219 F.R.D. 617, 614 (W.D. Wis. 2003).

Here, the members of the Rule 23 Class are definite. The parties have identified these individuals, (*see* Ex. 1, ¶ 2.6), have exchanged and analyzed data concerning such individuals, and have conducted calculations to determine their potential recoveries. The Rule 23 Class's definition does not include any subjective criteria. The Rule 23 Class includes all individuals who worked as non-exempt hourly employees for Defendants, who worked in excess of forty (40) hours a given workweek in which they also received either (i) a sales incentive bonus, or (ii) weekend premium pay, from January 1, 2022 to December 31, 2025, and who do not request exclusion from the Class. (*Id.* at ¶ 1.24.) As a former hourly-paid employee of Defendants during the relevant period, Named Plaintiff is a member of the Rule 23 Class as defined.

**B. The Rule 23 Class Satisfies Fed. R. Civ. P. 23(a)'s Requirements of Numerosity, Commonality, and Typicality and, with Her Counsel, Named Plaintiff Will Fairly and Adequately Protect the Interests of the Rule 23 Class.**

**1. <u>The Rule 23 Class is sufficiently numerous.</u>**

The Seventh Circuit has held that the numerosity requirement of Fed. R. Civ. P. 23(a) requires a showing that the number of members in the proposed class is so large as to make joinder impracticable. *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 663-4 (7th Cir. 2004). To that end, "[t]he Seventh Circuit has indicated that a group as small as forty may satisfy the numerosity requirement." *Schilling v. PGA Inc.*, 293 F. Supp. 3d 832, 837 (W.D. Wis. 2018). "This is consistent with the rule of thumb adopted in most courts that proposed classes in excess of 40 generally satisfy the numerosity requirement." *Id.* (internal quotations omitted); *see also Pruitt v. City of Chicago*, 472 F.3d 925, 926-27 (7th Cir. 2006) ("Sometimes 'even' 40 plaintiffs would be unmanageable"); *Oplchenski v. Parfums Givenchy, Inc.*, 254 F.R.D. 489, 495 (N.D. Ill. 2008) ("Generally, where class members number at least 40, joinder is considered impracticable and numerosity is satisfied.").

Here, and for settlement purposes, the putative Settlement Class is comprised of approximately 2,668 current and former employees of Defendants. (Ex. 1, ¶ 2.6.) Thus, it would clearly be administratively untenable to join each individual class member in this action and, therefore, the numerosity requirement is satisfied.

### 2. <u>Common questions of law and fact predominate.</u>

Rule 23(a) requires a finding that there are questions of fact or law which are common to the class. Fed. R. Civ. P. 23(a)(2). This requires plaintiffs to show that they have all suffered the same injury, such that resolving the common issue will resolve all the included claims in a single stroke. *Wal-Mart v. Dukes*, 131 S. Ct. 2541, 2551 (2011) ("What matters to class certification . . . is not the raising of common 'questions' . . . but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." (internal citations omitted)); *Williams-Green v. J. Alexander's Rests., Inc.*, 277 F.R.D. 374 (N.D. Ill. 2011) ("[Plaintiff] has demonstrated that her claims . . . arise from a common nucleus of fact based upon standardized conduct and, therefore, has satisfied the commonality requirement of Rule 23(a)(2).").

Questions common to the Rule 23 Class include whether: (i) they were all subject to Defendants' same payroll and compensation policies and practices; (ii) any of the additional remuneration they received was nondiscretionary in nature; and (iii) if so, whether such nondiscretionary compensation was properly included in their regular rates of pay for overtime calculation and compensation purposes. Such common questions of law and fact, as alleged in the Complaint (and as otherwise agreed to be resolved through the parties' settlement), are sufficient to meet the Fed. R. Civ. P. 23(a)(2) standard as they arise from a common nucleus of operative fact, namely Defendants' compensation policies and practices.

### 3. <u>Named Plaintiff's claims are legally and factually similar to those of the members of the Rule 23 Class.</u>

The typicality requirement is closely related to the question of commonality. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and her claims are based on the same legal theory. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "The typicality and commonality requirements of the Federal Rules ensure that only those plaintiffs . . . who can advance the same factual and legal arguments may be grouped together as a class." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997). The typicality requirement, however, focuses only on whether the plaintiff's claim is based on the same legal theory and arises from the same course of conduct that gives rise to the claims of the other members of the proposed class. *Rosario*, 963 F.2d at 1018. Typicality focuses on the Defendants' actions leading to the alleged violation and not on possible particularized defenses against certain individual class members. *Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996).

Named Plaintiff qualifies as a member of the Rule 23 Class. The legal theories advanced by Named Plaintiff – that Defendants failed to properly compensate her for all overtime hours worked and work performed at the "proper" or lawful overtime rate of pay – are alleged to apply equally to Named Plaintiff and the class members she seeks to represent. Because Named Plaintiff's claims involve the same legal theories and arise from the same alleged course of conduct that gives rise to the claims of the Rule 23 Class, the typicality element is satisfied.

4. **<u>Named Plaintiff and Plaintiff's Counsel will fairly and adequately protect the interests of the Rule 23 Class.</u>**

The final inquiry under Rule 23(a) consists of two parts: (1) the adequacy of Class Counsel; and (2) the adequacy of representation provided in protecting the different, separate, and distinct interests of the Rule 23 Class members. *Retired Chicago Police Ass'n v. Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) (quoting *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (*en banc*)).

Walcheske & Luzi, LLC and Workplace Law Partners, P.C. seek to represent the Rule 23 Class as Class Counsel. Walcheske & Luzi, LLC and Workplace Law Partners, P.C. have each successfully served as Class Counsel in numerous cases involving claims similar to Named Plaintiff's and, therefore, are qualified to manage the claims and causes of action at issue in this litigation and the resolution thereof.

Further, Named Plaintiff does not have any antagonistic or conflicting interests with the class members she seeks to represent. Named Plaintiff was allegedly injured by the same conduct as the class members and seeks compensation for her own benefit and for the benefit of the class. Named Plaintiff and her counsel thus satisfy the requirements of Fed. R. Civ. P. 23(a).

### C. The Rule 23 Class Satisfies Fed. R. Civ. P. 23(b) Because Common Questions of Law and Fact Predominate Over any Individualized Inquiries and Because Judicial Economy is Enhanced by Class Treatment.

In addition to meeting Fed. R. Civ. P. 23(a)'s requirements, Named Plaintiff must satisfy one of the requirements of Fed. R. Civ. P. 23(b). Where, as here, Named Plaintiff seeks monetary damages, the inquiry properly focuses on Fed. R. Civ. P. 23(b)(3). *Blihovde*, 219 F.R.D. at 619.

Under Fed. R. Civ. P. 23(b)(3), class certification is proper where questions of law or fact common to the entire class predominate over individual claims and a class action is superior to other methods for fair and efficient adjudication. Fed. R. Civ. P. 23(b). The Seventh Circuit has

summarized this requirement by stating that, "class action treatment is appropriate and permitted by Rule 23 when judicial economy from the consolidation of separate claims outweighs any concern with possible inaccuracies from their being lumped together in a single proceeding for a decision by a single judge or jury." *Mejdrech v. Met-Coil Sys. Corp.*, 319 F.3d 910, 911 (7th Cir. 2003).

**1. Common questions of law or fact predominate.**

The question to be answered here is whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *Blihovde*, 219 F.R.D. at 620 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). When challenging a uniform policy, the validity of those policies predominate over individual issues and class certification is appropriate. *Id.* (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 147 n. 20 (1982)). Further, where a uniform policy is challenged, individual inquiries into the application of that policy to an individual within the class will not supplant predominance. *Id.*

Through this settlement, the parties have agreed to resolve disputes regarding Defendants' compensation policies and practices, which Named Plaintiff alleges violated the law. Because the policies and practices were uniformly applied to the Rule 23 Class, and because this settlement resolves the parties' disputes over these policies and practices, common issues predominate in this matter, and Fed. R. Civ. P. 23(b)(3) is satisfied.

**2. Class resolution is the superior method of resolution.**

In evaluating superiority, courts consider: (1) the interests of the class members in controlling the prosecution of their own claims; (2) the existence of other pending litigation related to the same controversy; (3) the desirability of concentrating the claims in one forum; and (4) the difficulty of managing the class. Fed. R. Civ. P. 23(b)(3). Notably, neither Named Plaintiff nor

Defendants are aware of any other pending litigation regarding the issues that are the subject of this controversy.

The desirability of class resolution in this case is readily apparent given the size of the Rule 23 Class and the nature of the alleged violations. The challenged policies and practices allegedly harmed each member of the Rule 23 Class. However, each class member's individual interest in prosecuting his or her claim is inherently small given the anticipated monetary value of everyone's claim as contrasted against the time and expense inherent in the litigation process. (*See* Ex. 1, ¶ 3.4(C).) That said, to the extent that any Rule 23 Class member would prefer to litigate his or her claim separately, the individual can simply request exclusion from the Rule 23 Class and do so. (*See id.* at Ex. B.)

Moreover, because the monetary value of the Rule 23 Class Members' claims are relatively small, individual adjudication of their claims is practically inefficient and unlikely. Accordingly, class treatment is a superior method for resolving this dispute, satisfying Rule 23(b)(3).

**D. The Parties' Proposed Notice and Manner of Service are Appropriate.**

To protect the rights of absent members of a settlement class, the Court must provide the best notice practicable to all members. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1985). Such a notice should define the class, describe clearly the options open to the class members and deadlines for taking action, describe the terms of the proposed settlement, disclose any special benefits provided to class representatives, provide information regarding attorneys' fees, indicate the time and place of the fairness hearing, explain the procedure for distributing settlement funds, provide information that will enable the class members to calculate individual recoveries, and prominently display the contact information of class counsel and the procedure for making inquiries. Manual for Complex Litigation at § 21.312.

The parties' proposed Settlement Notice, attached to the Settlement Agreement as Exhibit B, meets each of the above criteria. Thus, the parties believe that it provides the best notice practicable to all Rule 23 Class Members.

Further, and pursuant to the parties' Settlement Agreement, the Settlement Administrator is responsible for taking reasonable steps to locate an updated address for an otherwise absent Rule 23 Class Member, as necessary, ensuring that best efforts are made to provide notice to all individuals affected by the parties' settlement. (Ex. 1, ¶¶ 2.3, 2.18.)

Finally, to ensure that no putative Settlement Class Member is adversely impacted by the change to the postmark rules by the United States Postal Service, the parties have agreed to a Grace Period, ensuring that an individual who returns a Consent to Join Form, request for exclusion, and/or objection to the parties' settlement on time and by mail, but has their mailing postmarked on a later date, is still considered timely. (*Id.* at ¶¶ 1.12, 2.9-2.11.) Moreover, mailings postmarked by the close of the Grace Period received within fourteen (14) days of such date will also be accepted. (*Id.* at ¶¶ 2.9-2.11.) Given these procedures, the parties believe that not only are the contents of their proposed Notice reasonable, but the method of delivering the Notice and locating Rule 23 Class Members are also reasonable.

## REMAINING PROCEDURE FOLLOWING PRELIMINARY APPROVAL

Should this Court grant preliminary approval of the parties' Settlement Agreement, the parties request that the Court set the following schedule in accordance with the Settlement Agreement:

(a) Within ten (10) days of the Court's entry of the Preliminary Approval Order, Defendants' counsel will provide the Settlement Administrator with the Class List, (*id.* at ¶ 2.5);

(b) Within twenty-one (21) days of the Court's entry of the Preliminary Approval Order, the Settlement Administrator will mail the Court-approved Settlement Notices to all putative Settlement Class Members via U.S. first-class mail, (*id.* at ¶ 2.7);

(c) Putative Settlement Class Members have forty-five (45) days from the date Notice is mailed or remailed to opt-into the Collective Class, object to the Settlement Agreement, or request exclusion from the Rule 23 Class, as applicable, (*see id.* at ¶¶ 1.17-1.19, 2.9-2.11, Ex. B), with Consent to Join Forms, requests for exclusion, and objections returned by mail subject to a Grace Period, (*see id.* at ¶¶ 1.12, 2.9-2.11);

(d) A Final Fairness Hearing will be held on a date most convenient to the Court, but in no event sooner than one hundred twenty (120) days after the Court's entry of the Preliminary Approval Order.

## CONCLUSION

For all the reasons stated above, the parties respectfully request that the Court enter an order preliminarily approving their Settlement Agreement and authorizing the sending of their Settlement Notice in a form substantially similar to that as attached to their Settlement Agreement as Exhibit B.

Dated this 27th day of March, 2026.

**WALCHESKE & LUZI, LLC**
Counsel for Plaintiff

*s/ Ben J. Slatky*
James A. Walcheske, State Bar No. 1065635
Ben J. Slatky, State Bar No. 1106892
WALCHESKE & LUZI, LLC
235 North Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
E-mail: jwalcheske@walcheskeluzi.com
E-mail: bslatky@walcheskeluzi.com

**MICHAEL BEST & FRIEDRICH LLP**
Counsel for Defendants

*s/ Paul E. Benson*
Paul E. Benson, State Bar No. 1001457
Mitchell W. Quick, State Bar No. 1001493
MICHAEL BEST & FRIEDRICH LLP
790 North Water Street, Suite 2500
Milwaukee, Wisconsin 53202
Telephone: (414) 225-2757
E-mail: mwquick@michaelbest.com
E-mail: pebenson@michaelbest.com

**WORKPLACE LAW PARTNERS P.C.**
Counsel for Plaintiff

*s/ John Kunze*__________________________
John Kunze, IL State Bar No. 6322643
WORKPLACE LAW PARTNERS P.C.
155 N. Michigan Avenue, Suite 719
Chicago, Illinois 60601
Telephone: (630) 778-0400
E-mail: kunze@fishlawfirm.com