UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ROBYN ENDERSON,
on behalf of herself and
all others similarly situated,

Plaintiff,

Case No. 24-cv-1520

v.

STERLING FARM & FLEET, INC., et al.,

Defendants.

# JOINT MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT

Plaintiff, Robyn Enderson, on behalf of herself and all others similarly situated, and Defendants, Sterling Farm & Fleet, Inc. and Blain Supply, Inc., jointly move this Court for final approval of their settlement in this matter in accordance with the Settlement Agreement, ECF No. 25-1, as preliminarily approved by this Court. (ECF No. 27.)

## SETTLEMENT ADMINISTRATION RESULTS

On March 27, 2026, Plaintiff filed the parties' Settlement Agreement with the Court. (ECF No. 25-1.) On April 6, 2026, this Court entered an Order Granting Joint Motion for Preliminary Approval of Collective and Class Action Settlement and setting a final fairness hearing on September 15, 2026. (the "Preliminary Approval Order"). (ECF No. 27.)

On or about April 6, 2026, Defendants, through the Settlement Administrator, provided notice of this settlement pursuant to 28 U.S.C. § 1715 to the Attorney General of the United States, the Wisconsin Department of Workforce Development, and the Attorneys General of the States of Wisconsin, Illinois, Iowa, and Michigan, Arizona, Indiana, Kentucky, Louisiana, Minnesota, Oklahoma, Tennessee, Texas, Missouri, and Florida. (Declaration of Arron Weisel of Simpluris, Inc. Regarding Notice and Settlement Administration ("Weisel Decl."), ¶ 4, Ex. A)

On April 14, 2026, Defendants' counsel provided the Settlement Administrator with the Class List to effectuate notice. (*Id.* at ¶ 6.) On or about April 27, 2026, the Settlement Administrator mailed the Court-approved Notice to 2,621 putative Settlement Class Members via first-class U.S. mail. (*Id.* at ¶ 8.)

Of the 2,621 mailed Notices, a total of 102 were returned as undeliverable. (*Id.* at ¶ 9.) Through advanced address searches, the Settlement Administrator was able to locate twenty-two (22) updated address and promptly remailed Notice to such addresses. (*Id.*) Ultimately, the Settlement Administrator was unable to obtain alternative mailing information for eighty (80) individuals that were returned as undeliverable, despite best efforts. (*See id.*)

Pursuant to the parties' Settlement Agreement, putative Settlement Class Members were notified that they had forty-five (45) days after the date of mailing or remailing to opt-into the Collective Class, request exclusion from the settlement, and/or object to the Settlement Agreement (the "Notice Period"). (*See* ECF No. 25-1, ¶¶ 1.17-18.)

As of August 6, 2026, two hundred and twenty-nine (229) individuals submitted Consent to Join Forms and, thereby, joined the Collective Class. (Weissel Decl., ¶ 15; *see also* ECF No. 28.) Thus, with Plaintiff, the Collective Class is comprised of two hundred and thirty (230) individuals. (*See* Weisel Decl., ¶15; ECF Nos. 1-4, 28.)

As of August 6, 2026, four (4) timely requests for exclusion were received. (Weisel Decl., ¶ 14; *see also* ECF No. 29.) Accordingly, including Plaintiff, the Rule 23 Class is comprised of two-thousand six-hundred and seventeen (2,617) individuals. (Weisel Decl., ¶¶ 6, 14.)

As of August 6, 2026, no timely objections were received to the parties' Settlement Agreement. (Weisel Decl., ¶ 16.)

Given that only four (4) putative Settlement Class Members requested exclusion from the Settlement Agreement and that no Settlement Class Members or governmental agencies objected to the terms and conditions of the Settlement Agreement, counsel for the parties submit that the terms and conditions embodied in the parties' Settlement Agreement are demonstrably fair, reasonable, and adequate.

**REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION**

The thirtieth (30th) day after the Court's entry of its Final Approval Order constitutes the Effective Date of the parties' Settlement Agreement, provided that the Order is not appealed. (ECF No. 25-1, ¶ 1.7.) Within ten (10) days of the Effective Date, the parties will recalculate the amounts payable to all Settlement Class Members from the Settlement Fund, if necessary. (*See id.* at ¶ 2.13.)

Within twenty (20) days of the Effective Date, Defendants will deposit all necessary funds into a Qualified Settlement Fund for distribution and payment of all Settlement Checks, Plaintiff's Court-approved Service Award, and Plaintiff's counsel's Court-approved attorneys' fees and costs. (*Id.* at ¶ 2.14.) Within ten (10) days thereafter, the Settlement Administrator will mail all Settlement Checks to Settlement Class Members via first-class U.S. mail. (*Id.* at ¶ 2.15.)

If a Settlement Check is returned as undeliverable, the Settlement Administrator will take appropriate steps to identify and remail the Settlement Check to an alternative address. (*Id.* at ¶¶ 2.3, 2.18.)

Settlement Class Members have ninety (90) days from the date a Settlement Check is mailed to cash, deposit, or otherwise negotiate their Settlement Checks (the "Acceptance Period"). (*Id.* at ¶¶ 1.1, 2.16.) After the Acceptance Period, Settlement Checks issued pursuant to the parties' Settlement Agreement will expire and Defendants will issue a stop payment order on any and all such Settlement Checks. (*Id.* at ¶ 2.16.)

If a Settlement Class Member reports a lost or destroyed Settlement Check within the Acceptance Period, Defendants will issue a stop payment order on the original check and issue a new check. (*Id.* at ¶ 2.16.) The re-issued check will then be valid for ninety (90) days from re-issuance. (*Id.*)

Any portion of the Settlement Fund that is unclaimed by Settlement Class Members who fail to cash, deposit, or otherwise negotiate their Settlement Checks by the close of the Acceptance Period will revert to Defendants. (*Id.* at ¶¶ 2.17, 3.1(B).)

## <u>ARGUMENT</u>

### I. THE PARTIES' SETTLEMENT AGREEMENT SHOULD BE APPROVED BECAUSE ITS TERMS ARE FAIR, REASONABLE, AND ADEQUATE

Pursuant to Fed. R. Civ. P. 23(e)(2), "the court may [grant final approval to a settlement agreement] only after a hearing and only on finding that it is fair, reasonable, and adequate." To that end, the Court is to consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;

> (C) the relief provided for the class is adequate, taking into account:
>
> > (i) the costs, risks, and delay of trial and appeal;
> >
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including processing class-member claims;
> >
> > (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
> >
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

*Id.* In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co*., 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

Similarly, the Seventh Circuit has enunciated factors to consider when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996).

**A. Fed. R. Civ. P. 23(e)(2)(A) Is Satisfied Because Plaintiff and Class Counsel Have Adequately Represented the Class**

In their *Stipulation to Certify a Collective Action Pursuant to the Fair Labor Standards Act and a Class Action Pursuant to Fed. R. Civ. P. 23 and to Certify Class Counsel and the Named Plaintiff as Representatives for the Class and Collective*, ECF No. 24, the parties stipulated, in part, that Plaintiff, Robyn Enderson, is an appropriate and adequate Class Representative, and that her counsel, Walcheske & Luzi, LLC and Workplace Law Partners, P.C., were qualified Class Counsel, and that both have adequately represented collective and class members' interests. (*Id.*) Thereafter, and in its Preliminary Approval Order, the Court appointed Plaintiff as Class Representative and appointed Walcheske & Luzi, LLC and Workplace Law Partners, P.C. as Class Counsel. (ECF No. 27.)

At no time have any conflicts of interest arisen between Plaintiff and the Settlement Class. (Declaration of James A. Walcheske in Support of Motions ("Walcheske Decl."), ¶ 34.) Similarly, at no time have Walcheske & Luzi, LLC or Workplace Law Partners, P.C. demonstrated any manner of inadequacy in their handling of this litigation, including the resolution thereof. Accordingly, the parties believe that the Settlement Class is adequately represented.

**B. Fed. R. Civ. P. 23(e)(2)(B) Is Satisfied Because the Parties' Settlement Agreement Was Negotiated at Arm's Length and Resolves a Bona Fide Dispute, Satisfying the Seventh Circuit's First Factor**

As indicated in the parties' *Joint Motion for Preliminary Approval of Collective and Class Action Settlement*, ECF No. 25, and as explained in more detail in the March 27, 2026 Declaration of James A. Walcheske, ECF No. 26, the parties' Settlement Agreement resolves a *bona fide* dispute between them, with neither party conceding their respective positions despite reaching that resolution. (*See* ECF No. 25, p. 5; *see also* ECF No. 25-1, p. 1; March 27, 2026 Declaration of James A. Walcheske, ECF No. 26 ("Walcheske March Decl."), ¶¶ 3-6.) Specifically, the parties

disagree on Plaintiff's ability to prove liability concerning alleged nondiscretionary compensation, including but not limited to whether and which forms of additional compensation qualify as "nondiscretionary" in nature, such that they should have been included or factored-into the regular rate of pay for Defendants' hourly employees for overtime calculation and compensation purposes. (Walcheske March Decl., ¶ 6.) Then, even if some measure of liability was proven, disputes exist regarding the extent of damages, if any, Plaintiff's ability to prove willfulness pursuant to the FLSA, her ability to defend against Defendants' affirmative defenses, and her ability to establish the amount or extent of any award of liquidated damages and/or civil penalties due, if any. (*Id.*)

Given the extent of the parties' disagreements, they devoted almost seven (7) months to exchanging information and engaging in arm's-length negotiations toward a resolution until an agreement in principle was reached on January 5, 2026. (*See id.* at ¶¶ 3-4.)

The foregoing demonstrates a lack of collusion between the parties, that they negotiated in good faith, and that their Settlement Agreement represents the resolution of a *bona fide* dispute.

**C. Fed. R. Civ. P. 23(e)(2)(C) Is Satisfied Because the Relief Provided to the Class Is Adequate in Light of the Circumstances Presented, Further Satisfying the Seventh Circuit's Second and Sixth Factors**

The risks presented by this litigation are made clear by the numerous disagreements between the parties outlined above, any one of which could have significantly altered the scope of the litigation, if not resulted in Plaintiff being completely unsuccessful in her claims. By extension, then, the circumstances presented here posed significant risks to the appropriateness of collective and/or class certification and, if certified, to such collective and/or class's ability to establish liability and, even then, ability to establish damages, including but not limited to liquidated damages and willfulness.

Despite those risks, the parties were able to reach a resolution to the totality of Plaintiff's claims on behalf of the putative class and collective. In so doing, they avoided the significant expenditure of time and expense this litigation presented, including the numerous procedural hurdles (motions for authorization of notice to the putative collective, class certification, collective decertification, class decertification, and summary judgment, among potential others), and achieved a certainty of outcome that is otherwise anything but a certainty under the circumstances.

Further, the parties did not waste any time in agreeing to work toward a resolution, doing so within six (6) months of Plaintiff filing her Complaint, (*compare id.* at ¶ 3 *with* ECF No. 1), and prior to engaging in any of the motion practice referenced above.

Against the backdrop of the time and expense saved and the certainty of outcome achieved by the parties' diligence, the amount recoverable by the Settlement Class is more than adequate.

The Settlement Fund payable to the Settlement Class totals $34,119.50, (ECF No. 25-1, ¶¶ 1.32, 3.1(b)), with each Settlement Class Member receiving a proportionate share of the Fund. (*See* ECF No. 25-1, ¶ 3.4(C).)

The anticipated monetary value of the Settlement Fund was based on calculated amounts Settlement Class Members could reasonably be expected to recover in the event Plaintiff (and the Settlement Class) was successful on Plaintiff's nondiscretionary compensation causes of action and assumes that all forms of additional compensation were nondiscretionary for calculation purposes. (Walcheske March Decl., ¶ 7.) Specifically, Plaintiff's counsel calculated that if the putative Settlement Class was completely successful on their nondiscretionary compensation claims, and assuming that all forms of additional compensation were nondiscretionary in nature, they could recover approximately $34,119.50. (*Id.*) Pursuant to the Settlement Agreement, all Rule 23 Class members will receive a minimum of $7.50, which approximates the median damages for

those employees who incurred a net loss in wages. (*Id*. at ¶ 8.) Furthermore, Collective Class members will receive an additional distribution in the amount of up to $40.00, and funds remaining after this allocation will be further distributed *pro rata* to all Settlement Class Members. (*Id*. at ¶ 9.) With two hundred and twenty-nine (229) individuals having submitted Consent to Join Forms, including Plaintiff, Collective Class members thus will receive a total recovery of approximately $49.52, which is greater than the total damages (including liquidated damages) for roughly 95% of the employees. (*Id*.; Weisel Decl., ¶ 15.)

For all such reasons, the amounts recoverable by and payable to the Settlement Class are adequate, particularly in light of the risks present in this litigation and the certainty of outcome achieved without any undue delay or cost.

**D. Fed. R. Civ. P. 23(e)(2)(D) Is Satisfied Because the Settlement Agreement Treats Class Members Equitably**

As indicated above, the monetary value of the Settlement Fund payable to the Settlement Class was based on calculated amounts Settlement Class Members could reasonably be expected to recover in the event Plaintiff (and the Settlement Class) was successful on Plaintiff's nondiscretionary compensation causes of action, further assuming that all forms of additional compensation were nondiscretionary for calculation purposes, (Walcheske March Decl., ¶ 7.)

The specific amount recoverable by an individual Settlement Class Member is dependent upon the individual's level of participation (i.e., whether they participated in simply the Rule 23 Class or both the Rule 23 Class and the Collective Class). In this manner, no subjective criteria were used or applied to determine any Settlement Class Member's potential recovery.

Pursuant to the terms of the parties' Settlement Agreement, Rule 23 Class Members will automatically recover monies from the Settlement Fund without taking any action whatsoever.

(*See* ECF No. 25-1, ¶¶ 1.31, 3.4(C), Ex. B.) Collective Members who validly consented to join the Collective Class will receive an additional share. (*See id*., ¶¶ 1.2, 3.4(C), Exs. B.)

Thus, the terms and structure of the parties' Settlement Agreement ensure satisfaction of Fed. R. Civ. P. 23(e)(2)(D).

### E. There Is No Opposition To The Settlement Agreement, Satisfying The Seventh Circuit's Third and Fourth Factors

The Settlement Administrator mailed Notice to 2,621 putative Settlement Class Members via first-class U.S. mail. (Weisel Decl., ¶ 6.) Putative Settlement Class Members had forty-five (45) days to opt-into the Collective Class, request exclusion from the settlement, and/or object to the parties' Settlement Agreement. (ECF No. 25-1, ¶¶ 1.17-18, Ex. B.) Given such opportunities, only four individuals requested exclusion from the settlement, and no objections were received from Settlement Class Members. (Weisel Decl., ¶¶ 14, 16.) Further, on or about April 6, 2026, Defendants, through the Settlement Administrator, provided notice of this settlement, pursuant to 28 U.S.C. § 1715, to the Attorney General of the United States, the Wisconsin Department of Workforce Development, and the Attorneys General of the States of Wisconsin, Illinois, Iowa, Michigan, Arizona, Indiana, Kentucky, Louisiana, Minnesota, Oklahoma, Tennessee, Texas, Missouri, and Florida. (Weisel Decl., ¶ 4, Ex. A.) None of the recipients responded.

### F. Counsel for the Parties Agree That Their Settlement Is Fair, Reasonable, and Adequate, Satisfying the Seventh Circuit's Fifth Factor

As memorialized in the parties' Settlement Agreement, (*see* ECF No. 25-1, p. 2), and as reinforced by the parties' *Joint Motion for Preliminary Approval of Collective and Class Action Settlement*, ECF No. 25, as well as the joint nature of the present Motion, counsel for the parties are in agreement that the Settlement Agreement is fair, reasonable, and adequate, and that their request for the Court's final approval of their settlement should be granted.

## CONCLUSION

For all the reasons herein, the parties respectfully request that this Court:

1. Grant final approval of the Settlement Agreement, and find that its terms are fair, reasonable, and adequate as it applies to the Rule 23 Class and Collective Class;

2. Declare the Agreement to be binding on Plaintiff, Defendants, and all Settlement Class Members;

3. Order that Plaintiff's released claims and the respective released claims of all Settlement Class Members are dismissed with prejudice;

4. Order that the FLSA claims of all Rule 23 Class Members who did not join the Collective Class are dismissed without prejudice;

5. Grant Plaintiff's Unopposed Motion for Approval of Service Award and approve Plaintiff's Service Award in the amount of $2,500.00; and

6. Grant Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs and approve the requested award of attorneys' fees and costs in the amount of $35,320.00.

Dated this 4th day of September, 2026.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

*s/ James A. Walcheske*
James A. Walcheske, State Bar No. 1065635
Ben J. Slatky, State Bar No. 1106892
WALCHESKE & LUZI, LLC
1200 North Mayfair Road, Suite 270
Wauwatosa, Wisconsin 53226
Telephone: (262) 780-1953
E-mail: jwalcheske@walcheskeluzi.com
E-mail: bslatky@walcheskeluzi.com

WORKPLACE LAW PARTNERS P.C.
Counsel for Plaintiff

*s/ John Kunze*
John Kunze, IL State Bar No. 6322643
WORKPLACE LAW PARTNERS P.C.
155 N. Michigan Avenue, Suite 719
Chicago, Illinois 60601
Telephone: (630) 778-0400
E-mail: kunze@fishlawfirm.com

MICHAEL BEST & FRIEDRICH LLP
Counsel for Defendants

*s/ Paul E. Benson*
Paul E. Benson, State Bar No. 1001457
Mitchell W. Quick, State Bar No. 1001493
MICHAEL BEST & FRIEDRICH LLP
790 North Water Street, Suite 2500
Milwaukee, Wisconsin 53202
Telephone: (414) 225-2757
E-mail: mwquick@michaelbest.com
E-mail: pebenson@michaelbest.com